UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN COUNCIL OF TRIBES, BLAINE BRINGS PLENTY, and CLAYTON SHELDON CREEK, | 4:17-CV-04159-KES |
| Plaintiff, | ORDER |
| vs. | |
| DOUGLAS WEBER, Warden of the South Dakota State Penitentiary; and DENNIS KAEMINGK, Secretary of the Department of Corrections; | |
| Defendants. | |

Plaintiffs, Native American Council of Tribes (NACT), Blaine Brings Plenty, and Clayton Sheldon Creek, succeeded in a court trial against defendants Douglas Weber and Dennis Kaemingk, showing that a complete ban of tobacco in Department of Corrections (DOC) facilities violates the Religious Land Use and Institutionalized Persons Act (RLUIPA). *Native Am. Council of Tribes v. Weber*, 897 F. Supp. 2d 828 (D.S.D. 2012). On November 13, 2017, Creek filed "Plaintiffs' Post-Trial-And Appeal Motion to Bring (Isolated Claims)" under the same case number, 4:09-CV-04182-KES. Docket 1. But this court previously ordered that "[a]ny new claims alleging that DOC policies are restricting additional religious rights of prisoners, such as the seven sacred ceremonies, access to a sweat lodge, or any other non-tobacco related claims,

should be brought in a new complaint . . . ." *Native Am. Council of Tribes v. Weber*, No. 4:09-CV-041820-KES, Docket 286 (D.S.D. August 9, 2017). Creek now alleges defendants violated RLUIPA by interfering with the Native American Organizations' financial accounts. Dockets 1 and 2. As a result, the Clerk of Court opened the instant case. On November 14, 2017, the Clerk of Court sent Creek a Prisoner Trust Account Report and directed Creek to complete it. Docket 4. A month has passed, and Creek has failed to return a completed Prisoner Trust Account Report. Thus, he has not yet satisfied, nor attempted to satisfy, 28 U.S.C. § 1915(a)(2).

The court will provide Creek an additional thirty days to file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Failure to comply with this order and submit a certified Prisoner Trust Account Report by the deadline set will result in dismissal without prejudice of this action. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the . . . district court must then order the case dismissed for want of prosecution."); *see also Perry v. Boston Scientific Family*, CIV. No. 11-3464 (DWF/LIB), 2012 WL 694713, at *2 (D. Minn. Feb. 9, 2012), *report and*

*recommendation adopted*, CIV. No. 11-3464 (DWF/LIB), 2012 WL 694700, at *1 (D. Minn. Mar. 1, 2012) (collecting cases holding dismissal appropriate when pro se litigant fails to comply with pauper requirements and court orders). Thus, it is

ORDERED that the Clerk of Court mail this order and a Prisoner Trust Account Report to Creek.

IT IS FURTHER ORDERED that Creek will complete the Prisoner Trust Account Report according to that document's directions and return it by January 17, 2018. Failure to file the Prisoner Trust Account Report by January 17, 2018, will result in dismissal without prejudice of the complaint.

DATED this 19th day of December, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE