UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CLAYTON SHELDON CREEK,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DOUGLAS WEBER, WARDEN OF SOUTH DAKOTA STATE PENITENTIARY; AND DENNIS KAEMINGK, SECRETARY OF SOUTH DAKOTA DEPARTMENT OF CORRECTIONS (DOC);<br><br>　　　　　　Defendants. | 4:17-CV-04159-KES<br><br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Pending is a *pro se* pleading by plaintiff Clayton Sheldon Creek alleging violations of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1(a). This court has screened Mr. Creek's filing pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997e(a). Respectfully, this court recommends dismissal of Mr. Creek's pleading.

## FACTS

Previously, Mr. Creek was one of several plaintiffs in <u>Native American Council of Tribes (NACT) v. Weber</u>, Civ. No. 09-4182 (D.S.D.). At issue in <u>NACT</u> was the South Dakota Department of Corrections' regulation of the use of tobacco for religious purposes by Native American inmates incarcerated in South Dakota prisons. Plaintiffs alleged defendants' practices substantially burdened the exercise of their religious beliefs in violation of RLUIPA. A court trial was had and the district court issued a

decision in favor of the plaintiffs on September 19, 2012. NACT, Docket No. 189 (Sept. 19, 2012). Defendants appealed.

On April 25, 2014, the Eighth Circuit issued an opinion affirming the district court. NACT v. Weber, 750 F.3d 742 (8th Cir. 2014). The Eighth Circuit issued its mandate May 19, 2014.

Mr. Creek's filing in this case, opened as a new case file, is styled a post-trial brief and appeal memorandum in case number 09-4182. See Docket No. 2 at p. 1. For screening purposes, the court considers Mr. Creek's filing as (1) either a new case filing or (2) as another pleading in the 2009 case. Either way, this court concludes the filing must be dismissed without granting relief.

## DISCUSSION

**A.     Screening Standards for Prisoner Complaints Pursuant to 28 U.S.C. §§ 1915, 1915A and FED. R. CIV. P. 12(b)(6)**

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)) and 1915A(b)(1), a prisoner's complaint should be dismissed on screening if it "fails to state a claim upon which relief may be granted." This standard is the same standard as is used to determine whether a complaint satisfies the standards of FED. R. CIV. P. 12(b)(6). Kane v. Lancaster County Dept. of Corrections, 960 F.Supp. 219 (D. Neb. 1997). A prisoner complaint is screened for dismissal under 28 U.S.C. § 1915 "accepting as true all of the factual allegations contained in the complaint and affording the plaintiff all reasonable inferences that can be drawn from those allegations." Jackson v. Nixon, 747 F.3d 537, 540-41 (8th Cir. 2014). Further, "a *pro se* complaint, however inartfully pleaded, [is held] to less stringent standards than formal pleadings drafted by lawyers." Jackson, 747 F.3d at 541. (citation omitted).

The United States Supreme Court addressed the standard district courts are to apply to FED. R. CIV. P. 12(b)(6) motions in Bell Atlantic Corp. v. Twombly, 550 U.S.

544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The law predating Twombly and Iqbal held that under FED R. CIV. P. 12(b)(6), the court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, Conley's "no set of facts" language was overruled in Twombly. Twombly, 550 U.S. at 563. Instead, the Court adopted a standard by which plaintiffs must plead "enough facts to state a claim to relief that is *plausible* on its face." Id. at 570 (emphasis added).

The Court stated that FED. R. CIV. P. 8(a)(2) requires only that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (citing FED. R. CIV. P. 8(a)(2)). The Court acknowledged that a complaint does not need "detailed factual allegations" to survive a motion to dismiss, but emphasized a plaintiff's obligation to provide more than a mere recital of the elements of his cause of action. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Court imposed a "plausibility standard" and held that a claim "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim. Id. at 556.

The Court stated that conclusory allegations were not enough to survive a 12(b)(6) motion to dismiss a claim. Id. at 556-57. "The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [a valid claim] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " Id. at 557 (quoting FED. R. CIV. P. 8(a)(2)). The Court said the plaintiff's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

In 2009, the Supreme Court decided Ashcroft v. Iqbal, and affirmatively applied the Twombly Rule 12(b)(6) standard to all civil actions.  Iqbal, 556 U.S. at 684.  Because Twombly interpreted and applied FED. R. CIV. P. 8, and because the Federal Rules of Civil Procedure apply to all civil actions in federal court, the Iqbal Court said, Twombly was properly applied to all federal civil cases.  Id.(citing FED. R. CIV. P. 1).

The Iqbal Court expressly adopted Twombly's announcement that Rule 8 does not require "detailed factual allegations," but does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  The Court reaffirmed Twombly's holding that a complaint containing mere "labels and conclusions" or a "formulaic recitation of a cause of action" is insufficient to survive a motion to dismiss under Rule 12(b)(6).  Id.

The Iqbal Court stated the plausibility standard requires that the plaintiff allege more than a "sheer possibility" that the defendant committed the alleged unlawful conduct, but does not impose a "probability requirement" at the pleading stage. Id. (quoting Twombly, 550 U.S. at 556).  The plaintiff must, however, allege sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of [the conduct complained of]."  Twombly, 550 U.S. at 556.  Where a plaintiff pleads facts that are merely consistent with a defendant's liability, he has not "nudged [his] claim across the line from conceivable to plausible," and the complaint must be dismissed.  Iqbal, 556 U.S. at 680 (citing Twombly, 550 U.S. at 570).  There is no heightened requirement of fact pleading of specifics--only a requirement that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

4

The Court identified two "working principles" from Twombly. Iqbal, 556 U.S. at 678. First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, in applying the plausibility standard, the Court stated that it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the plaintiff's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has *alleged*–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679.

A reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth. Id. at 679-680. Legal conclusions must be supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief. Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per*

*curiam*)). "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper framework." Id. at 544 (quoting Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)).

**B.     Mr. Creek is a Barred Filer**

The PLRA provides that if a prisoner has on 3 or more occasions brought an action or appeal in a United States court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, that prisoner may not bring suit under the PLRA (allowing payment of filing fee in installments based on *in forma pauperis* status), unless the prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). A "three strikes" prison filer is a barred filer under the PLRA. That does not mean the plaintiff cannot file suit in federal court. What is does mean is that the plaintiff must pay the full filing fee at the time he files his new case.

Mr. Creek is a barred filer. See Creek v. United States, Civ. 11-3005, Docket No. 7 (D.S.D. Feb. 2, 2011) (setting forth background and other cases).[1] He has on three or more prior occasions filed suits in federal court that were dismissed as frivolous, malicious, or failing to state a claim. Id. In his current pleading, Mr. Creek does not assert that he is in imminent danger of serious physical injury. For this reason, and for the reason Mr. Creek has not paid the full filing fee upon filing his current pleading, this court recommends dismissing Mr. Creek's pleading.

---

[1] The court set forth 19 cases by Mr. Creek that had been dismissed as of February 9, 2011. This court notes Mr. Creek has filed numerous cases since then which have also been dismissed.

The court notes Mr. Creek was a barred filer at the time NACT v. Weber was filed in 2009. Id. However, that case did not proceed under the PLRA. Instead, another plaintiff therein paid the full filing fee upon filing suit. See NACT v. Weber, Civ. 09-4182, Docket No. 2 (Dec. 9, 2009). Therefore, NACT v. Weber is not precedent for allowing Mr. Creek to proceed under the PLRA in this case.

**C.      Mr. Creek's Claim Should be Dismissed as Part of Civ. 09-4182**

The clerk's office filed Mr. Creek's pleading as a separate case. However, the court acknowledges that Mr. Creek's pleading bears the intent that it be filed as a subsequent pleading in the 2009 NACT v. Weber case. If that is Mr. Creek's intention, his pleading should nevertheless be dismissed.

Mr. Creek styles his pleading a "post-trial" brief. However, the trial in the district court is long since over; the district court issued its order in 2012 in Mr. Creek and the other plaintiffs' favor. See NACT v. Weber, Civ. No. 09-4182, Docket No. 189 (Sept. 19, 2012). Judgment was entered on January 28, 2013. Id. at Docket No. 197. If Mr. Creek's pleading is a post-trial brief, it is long past the time when such a brief could be timely considered. It is also untimely as a motion to amend or correct a judgment under Federal Rule of Civil Procedure 60.

Mr. Creek also styles his pleading an appeal memorandum. Again, the appeal is over and done with. The Eighth Circuit issued its opinion on April 25, 2014, and its mandate on May 19, 2014. Id. at Docket Nos. 228 & 230. There is currently no notice of appeal on file nor is there an open appeal before the Eighth Circuit. For these reasons, then, the court recommends dismissing Mr. Creek's pleading if it was intended to be filed in his 2009 case.

### D. Claim on Behalf of NACT and Blaine Brings Plenty Should be Dismissed

Mr. Creek is not a lawyer. He purports to represent another individual, Blaine Brings Plenty, as well as an organizational party, NACT, in his current pleading. It is well settled that a *pro se* lay plaintiff may not represent another individual. Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000).

It is also well settled that a *pro se* lay plaintiff may not represent an organization. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council., 506 U.S. 194, 201-02 (1993). "[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. at 202.

The Eighth Circuit Court of Appeals is not one which has embraced a "few aberrant case[s]." A non-lawyer may not represent a corporation in federal court. Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001). See Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); Joshua Building Trust v. Clementi, 78 F.3d 588 (8th Cir. 1996) (Table) ("A non-lawyer trustee may not represent a trust pro se in federal court."). See also Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation. . . . We have extended this reasoning to partnerships and single shareholder corporations, as well as to shareholders who file derivative suits. . . ." (citing Rowland v. Cal. Men's

8

Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (other internal citations omitted); United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan, 416 F.2d 1244, 1245 (6th 1969).

Because Mr. Creek is not a lawyer, he can represent no one except himself. The claims purportedly asserted by Mr. Creek on behalf of NACT and Mr. Brings Plenty should be dismissed.

## CONCLUSION

Based upon the foregoing facts, law and analysis, this magistrate judge respectfully recommends Mr. Creek's pleading be dismissed with prejudice and without granting any relief. The court also recommends denying Mr. Creek's motion for the appointment of counsel [Docket No. 12] as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 20th day of March, 2018.

BY THE COURT:

_Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge