UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CLAYTON SHELDON CREEK, <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS WEBER, WARDEN OF SOUTH DAKOTA STATE PENITENTIARY; AND DENNIS KAEMINGK, SECRETARY OF SOUTH DAKOTA DEPARTMENT OF CORRECTIONS (DOC); <br><br> Defendants. | 4:17-CV-04159-KES <br><br><br> ORDER DISMISSING CASE |

Plaintiff, Clayton Sheldon Creek, filed a complaint alleging defendants violated Religious Land Use and Institutionalized Persons Act (RLUIPA) by interfering with the Native American Organizations' financial accounts. Docket 1 and 2. After granting Creek's motion to proceed in forma pauperis, the court referred the case to Magistrate Judge Veronica L. Duffy in its February 27, 2018 order and under 28 U.S.C. § 636(b)(1)(A) and (B). Magistrate Judge Duffy issued a report and recommended that Creek's pleadings be dismissed with prejudice and without granting any relief. Docket 16. Creek filed objections to the report and recommendation (Dockets 17 and 18) and moved to add a claim of retaliation (Docket 19).

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Creek's objections reargue his RLUIPA claims but do not refute the analysis and conclusion in the Report and Recommendation. Magistrate Judge Duffy recommends Creek's case be dismissed because Creek is a barred filer. Docket 16 at 6. The Prison Litigation Reform Act, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Three of Creek's previous complaints were dismissed as frivolous, malicious, or failing to state a claim. *See Creek v. United States*, Civ. 11-3005, Docket 7 (D.S.D. Feb. 2, 2011). Creek has not alleged that he is in imminent danger of serious physical injury or paid the full $350 filing fee upon filing his pleadings. Thus, Creek's pleadings will be dismissed.

To the extent that Creek intends his filings to constitute post-trial motions in *NACT v. Weber*, Civ. No. 09-4182, Creek's pleadings will be

2

dismissed. This court previously ordered that "[a]ny new claims alleging that DOC policies are restricting additional religious rights of prisoners, such as the seven sacred ceremonies, access to a sweat lodge, or any other non-tobacco related claims, should be brought in a new complaint . . . ." *Native Am. Council of Tribes v. Weber*, No. 4:09-CV-041820-KES, Docket 286 (D.S.D. Aug. 9, 2017).

Thus, it is ORDERED

1. Creek's objections to the report and recommendation (Dockets 17 and 18) are overruled.
2. The report and recommendation (Docket 16) is adopted.
3. Creek's case is dismissed without prejudice.
4. Creek's motion to appoint counsel (Docket 12) is denied as moot.
5. Creek's motion to add a claim (Docket 19) is denied as moot.

DATED this 31st day of July, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE